Jason McDonell (State Bar No. 115084)
jmcdonell@JonesDay.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@JonesDay.com
Noel Rodriguez (State No. 228784)
nrodriguez@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Plaintiff
SHIONOGI & CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIONOGI & CO., LTD., a Japanese company,<br><br>Plaintiff,<br><br>v.<br><br>INTERMUNE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:12-cv-03495-EDL<br><br>STIPULATED PROTECTIVE ORDER |

1     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as

set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5, General Order 62, and Magistrate Judge Laporte's Standing Order on Confidential and Sealed Documents set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2      DEFINITIONS

  2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

  2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

  2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

  2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

  2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

  2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., document review, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives any Disclosure or Discovery Material from a Producing Party.

3   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any other confidentiality

1 obligation, including becoming part of the public record through trial or otherwise; and (b) any
2 information known to the Receiving Party prior to the disclosure or obtained by the Receiving
3 Party after the disclosure from a source who obtained the information lawfully and under no
4 obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall
5 be governed by a separate agreement or order.

6    4      DURATION

7 Even after final disposition of this litigation, the confidentiality obligations imposed by
8 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
9 order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
10 claims and defenses in this action, with or without prejudice; (2) resolution through settlement of
11 the claims at issue herein; and (3) final judgment herein after the completion and exhaustion of all
12 appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing
13 any motions or applications for extension of time pursuant to applicable law.

14    5      DESIGNATING PROTECTED MATERIAL

15       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party
16 or Non-Party that designates information or items for protection under this Order must take care
17 to limit any such designation to specific material that qualifies under the appropriate standards.
18 To the extent it is practical to do so, the Designating Party must designate for protection only
19 those parts of material, documents, items, or oral or written communications that qualify – so that
20 other portions of the material, documents, items, or communications for which protection is not
21 warranted are not swept unjustifiably within the ambit of this Order.

22 Mass, indiscriminate, or routinized designations are prohibited. Designations that are
23 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
24 unnecessarily encumber or retard the case development process or to impose unnecessary
25 expenses and burdens on other parties) expose the Designating Party to sanctions.

26 If it comes to a Designating Party's attention that information or items that it designated
27 for protection do not qualify for protection at all or do not qualify for the level of protection
28 initially asserted, that Designating Party must promptly notify all other parties that it is

1 withdrawing the mistaken designation.

2     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

    (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or

1  other proceeding, all protected testimony and specify the level of protection being asserted.
2  Alternatively, the Designating Party may invoke on the record (before the deposition, hearing, or
3  other proceeding is concluded) a right to have up to 21 days after receipt of the deposition
4  transcript to identify the specific portions of the testimony as to which protection is sought and to
5  specify the level of protection being asserted. Only those portions of the testimony that are
6  appropriately designated for protection within the 21 days shall be covered by the provisions of
7  this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition
8  or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be
9  treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
10  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
11  other proceeding to include Protected Material so that the other parties can ensure that only
12  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
13  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
14  shall not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY
15  CONFIDENTIAL – ATTORNEYS' EYES ONLY."
16  Transcripts containing Protected Material shall have an obvious legend on the title page
17  that the transcript contains Protected Material, and the title page shall be followed by a list of all
18  pages (including line numbers as appropriate) that have been designated as Protected Material and
19  the level of protection being asserted by the Designating Party. The Designating Party shall
20  inform the court reporter of these requirements. Any transcript that is prepared before the
21  expiration of a 21-day period for designation shall be treated during that period as if it had been
22  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless
23  otherwise agreed. After the expiration of that period, the transcript shall be treated only as
24  actually designated.
25      (c)   for information produced in some form other than documentary and for any
26  other tangible items, that the Producing Party affix in a prominent place on the exterior of the
27  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"
28  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation by the Designating Party, and unless the qualified information or items have been made public by a Receiving Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If the Receiving Party has disclosed qualified information or items to a third party or third parties, but not made that information public, and that qualified information or items are subsequently designated, the Receiving Party shall make reasonable and good faith efforts to retrieve such material from all recipients not entitled to receive it, as newly designated, and prevent further disclosures except as authorized under the terms of this Order.

## 6    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge the confidentiality designation pursuant to Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) no sooner than within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Such a motion may be made at any time upon a showing of good cause for not complying with the timing provisions of this paragraph and/or paragraph 6.2. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7 ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mock jurors who have signed the "Agreement to Be Bound" (Exhibit B);

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court; and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mock jurors who have signed the "Agreement to Be Bound" (Exhibit B); and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR GOVERNMENTAL INVESTIGATION**

If a Party is served with a subpoena or a court order issued in other litigation or a governmental investigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(c) not produce any Protected Material without giving the Designated Party a reasonable opportunity to object to its production in the appropriate forum; and

(d) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9 A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)  make the information requested available for inspection by the Non-Party.

  (c)  If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party or Non-Party making the claim may notify any Receiving Party of the claim and the basis for it. After being notified, a Receiving Party must

promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim of privilege is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. The Receiving Party may not use the fact of the inadvertent production as a basis for arguing that the claim of privilege has been waived.

12  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Use Own Discovery Material. Nothing in this Order shall restrict any Party's ability to use its own Discovery Material.

12.3  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, General Order 62, and Magistrate Judge Laporte's Standing Order on Confidential and Sealed Documents. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13     **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Upon a timely request by the Producing Party (or, if not the same person or entity, the Designating Party), the Receiving Party must, by the 60-day deadline, submit a written certification to the Party making such request affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: ~~October~~ Nov 13, 2012        JONES DAY

By: _____
    Katherine S. Ritchey

Counsel for Plaintiff
SHIONOGI & CO., LTD.

Dated: ~~October~~ Nov 13, 2012        CRAVATH, SWAINE & MOORE LLP

By: _____
    Gary A. Bornstein

Counsel for Defendant
INTERMUNE, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Nov 13 2012           _____
                             The Honorable Elizabeth D. Laporte
                             United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],of _____

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Shionogi & Co., Ltd. v. InterMune, Inc.; Case No. 3:12-cv-03495-EDL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____
    [signature]

## EXHIBIT B

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I understand that during the course of the testing procedures in which I have agreed to participate on _____[date], I will be given access to certain confidential information. I solemnly promise that I will not disclose in any manner any of that confidential information, and I understand that a failure to comply with this promise could expose me to sanctions by the United States District Court for the Northern District of California.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Agreement to Be Bound, regardless of when such enforcement proceedings occur.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____
    [signature]