IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIONOGI & CO LTD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERMUNE INC,<br><br>　　　　Defendant.<br>_____/ | No. C -12-03495 EDL<br><br>**ORDER REGARDING PARTIES'**<br>**NOVEMBER 28, 2012 LETTER** |

At the November 13, 2012 Case Management Conference, the Court authorized the parties to file a joint letter regarding production of English translations of Japanese documents. In that letter filed on November 28, 2012, Plaintiff contends that translations created at the direction of counsel and in furtherance of preparing Plaintiff's case are protected from disclosure by the attorney work product doctrine. Defendant contends that Plaintiff should produce translations that it has in its possession at the time of production, including translations prepared at the direction of counsel during discovery.

The work product doctrine is "a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." Admiral Ins. Co. v. United States District Court, 881 F.2d 1486, 1494 (9th Cir.1989). To qualify for work product protection, documents must have two characteristics: "(1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party [to the litigation] or by or for that other party's representative." In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 780–81 (9th Cir.1989); Fed.R.Civ.P. 26(b)(3).

Rule 26(b)(3) states that, upon a showing of substantial need and undue hardship by the requesting party, a court may order discovery of work product, but "must protect against disclosure

of the mental impressions, conclusions, opinions, or legal theories of a party's attorney ..." Rule 26(b)(3) (A)-(B). Attorneys' mental impressions, conclusions, opinions, and legal theories are most commonly referred to as "opinion" work product (as opposed to "ordinary" work product) and are afforded heightened protection. See Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir.1991) (requiring a "compelling need" to discover opinion work product, but not extending absolute protection).

The Court has reviewed the parties' letter and concludes that it need not reach the question of whether translations created at the direction of counsel in this case are opinion work product because, at a minimum, the translations are ordinary work product. The translations constitute work product because they would reveal the results of a culling process with multiple levels; first, bilingual attorneys from the United States would review millions of pages of documents in Japanese, then bilingual attorneys from the United States, including bilingual lawyers from Plaintiff's law firm, would conduct a quality control of a sample of documents and of all documents categorized by the first level reviewers as "hot," and then Plaintiff's litigation team would review analyses of the "hot" documents prepared by the second level reviewers and would make a decision about whether to translate the document. See, e.g., Plant Genetic Sys. v. Northrup King Co., 174 F.R.D. 330, 332 (D. Del. 1997) ("The Court is convinced that document selection by PGS rose to the level protected by Sporck [v. Peil, 759 F.2d 312, 316 (3rd Cir. 1985)] only at the point where documents were selected for longer or full translation because it is these documents that counsel for PGS considers important enough to be translated into English for the benefit of the Court or a jury.").

Further, Plaintiff states that only a few documents have been translated in the ordinary course of business (as opposed to for use in this litigation) because Plaintiff's business is conducted in Japanese. Thus, virtually all translations made at this point would be for purposes of litigation after a multiple-step selection process, and production of the subset of documents selected for translation would reveal which documents Plaintiff's attorneys selected as most important to the litigation.

Ordinary work product is discoverable only upon a showing of substantial need and undue hardship. See Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and

tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. . . . But, subject to Rule 26(b)(4), those materials may be discovered if: . . . (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). Here, Defendant has not shown a substantial need or undue hardship. Defendant focuses on the cost of translations, but such costs do not ordinarily constitute an *undue* hardship and Defendant has not established that translations will here. Moreover, Defendant has not shown a substantial need to piggyback on Plaintiff's translations because it can obtain its own.

In addition, unlike In re Air Crash Disaster near Warsaw, Poland on May 9, 1987, 1996 WL 684434, at *2 (E.D. N.Y. Nov. 19, 1996) on which Defendant relies, here, there has been no offer to share translation costs or to waive challenges as to the accuracy of a translation. Nor has there been a showing that upholding the work product protection of the translations would unduly delay the discovery process, a concern of the Air Crash court.

IT IS SO ORDERED.

Dated: December 5, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge